## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 13‑cv‑03285‑RM‑KMT

JENSEN FARMS, a Colorado partnership,

    Plaintiff,

v.

PRIMUS GROUP, INC. d/b/a PRIMUS LABS, a California corporation,

    Defendant.

_____

## ORDER
_____

    THIS MATTER is before the Court on "Plaintiff's Unopposed Amended Motion for Substitution of Parties Pursuant to F.R.C.P. 25(c), and to Dismiss Plaintiff Jensen Farms" (ECF No. 23), seeking to substitute 46 assignees as plaintiffs in place of Plaintiff Jensen Farms.  Upon review of the Motion, and the file, the Court finds the following matters require further consideration: (1) one of the proposed plaintiffs is a minor child; (2) 30 of the proposed plaintiffs are "estates"; and (3) this action was removed from the District Court, Prowers County, State of Colorado based on diversity jurisdiction.  The Court will address each in turn.

    First, pursuant to Fed.R.Civ.P. 5.2(a), and in accordance with this Court's privacy policy as stated in the ECF Civil Procedures, filings containing the name of an individual known to be a minor may include only the minor's initials.

    Next, pursuant to Fed.R.Civ.P. 17(b), as relevant here, a party's capacity to sue or be sued is determined by the law of the state where this Court is located, here, Colorado.  Based on

Exhibit A to the Assignment of Rights Agreement, it appears that most of the proposed substituted plaintiffs may be "estates" and not their personal representatives. Under Colorado law, an issue is raised as to whether an estate is a legal entity with capacity to sue or be sued. *See Boatright v. Derr*, 919 P.2d 221 (Colo. 1996).

Finally, this action was removed to this Court based on diversity jurisdiction. The Complaint was filed in state court on October 15, 2013, but the Notice of Removal was filed on December 4, 2013. In the interim, through the Assignment of Rights Agreement dated November 19, 2013, Plaintiff Jensen Farms assigned all of its rights against Defendant to the 46 proposed plaintiffs. Thus, at the time of the removal, the proposed plaintiffs were the real parties in interest. The citizenships of such proposed plaintiffs are unknown but the Motion seeks to substitute them as parties, raising the issue of whether such substitution would destroy diversity jurisdiction under the facts and circumstances of this removed case. *See, e.g., Freeport-McMoRan, Inc. v. K N Energy*, 498 U.S. 426 (1991); *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081 (10th Cir. 2003); 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Vikram D. Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman & Catherine T. Struve, *Federal Practice & Procedure* § 3723 & n. 15 (4th ed. 2013) (collecting cases addressing removal).

Accordingly, it is hereby **ORDERED** that:

1. All filings containing the name of a minor shall use only the minor's initials and not his or her full name;

2. By **Friday, February 7, 2014**, the parties shall: (i) notify the Court whether the proposed substituted plaintiffs listed as "estates" are, in fact, the estates or the personal representatives of such estates; and (ii) if the estates are the proposed plaintiffs, to file a response brief, not to exceed five pages excluding the certificate of service, addressing why the action should be brought in the names of the various estates as opposed to the names of their respective personal representatives; and

3. By **Friday, February 7, 2014**, the parties shall file a response brief, not to exceed ten pages excluding the certificate of service, addressing whether diversity jurisdiction will be destroyed upon the substitution of the parties.

DATED this 23rd day of January, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge